**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| YAT HO WONG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-45-RWS-JBB |
| | § | |
| KIM LASETER, *et al.* | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On January 12, 2026, Plaintiff, proceeding *pro se* and identifying himself as "Yat Ho Wong," sued Judge Randy Johnson, presiding Judge of County Court at Law No. 5 of Collin County, along with Judge Kim Laseter, the presiding Judge of the 401st District Court of Collin County; Ty Jones, the Bailiff for the 401st District Court; and Charla Reamy, the Court Reporter for the 401st District Court. Docket No. 1 at 2. Plaintiff's claims arise from December 2025 court hearings in his two pending criminal cases in Collin County. *Id.* at 4. Plaintiff requests the Court "subpoena the court reporters official records for all hearings," "recall the warrant," "reinstate [his] original cash bond," and award him actual and punitive damages. *Id*. at 5. The above-entitled and numbered civil action was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636.

On March 3, 2026, Judge Laseter moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) as barred by Eleventh Amendment immunity, judicial immunity, and the *Younger* abstention doctrine. Docket No. 14 at 2-8. Judge Laseter also moved to dismiss for failure to state a claim under Rule 12(b)(6). *Id.* at 8–9. The remaining Defendants moved to dismiss on similar grounds. Docket Nos. 26, 28. Plaintiff filed numerous briefs in response to Judge

Laseter's motion, but failed to respond to the other Defendants' pending motions to dismiss. Docket Nos. 16, 24-1, 32.

On May 19, 2026, the magistrate judge issued a report and recommendation, recommending that Defendants' motions to dismiss be granted. Docket No. 35. At the outset, the magistrate judge recommended that Plaintiff's complaint be stricken under Federal Rule of Civil Procedure 11 because it is not signed by "Yat Ho Wong" and therefore does not meet the signature requirements of Rule 11(a). *Id.* at 3–5. Even assuming that Plaintiff signs future pleadings as "Yat Ho Wong," however, the magistrate judge recommended granting Defendants' motions to dismiss on the merits. *Id.* at 5–6, 7–21. The magistrate judge advised Plaintiff that he had 14 days to object to the report and recommendation and further ordered Plaintiff to sign any objection with his name, Yat Ho Wong, cautioning that failure to do so would result in the filing being struck. *Id.* at 22.

On June 1, 2026, Plaintiff filed a "response" in "direct opposition to the Magistrate's recommendation for dismissal," which the Court construes as objections to the report and recommendation. Docket No. 37. But Plaintiff failed to adhere to the magistrate judge's report and recommendation. First, despite having been specifically advised that any filing not signed by "Yat Ho Wong" would be struck, Plaintiff signed his objections as "Yathop Wonghauser, Attorney in fact in behalf of YAT HO WONG, ens legis D/b/a WONG, YAT HO, corp. sole." *Id.* at 3. Accordingly, Rule 11 warrants striking the objections.[1]

[1] Affiant Yathop Wonghauser states he is "proceeding in a direct fiduciary capacity with a substantive vested interest to present the Plaintiff in all capacities, notwithstanding the namesake as styled. . . ." Docket No. 37 at 3. However, Federal Rule of Civil Procedure 11(a) requires all *pro se* litigants to personally sign "[e]very pleading, written motion, and other paper" filed in an action. *McPhail v. United States*, No. 5:22-CV-253-HBQ, 2022 WL 20510185, at *6 (N.D. Tex. Dec. 29, 2022), *report and recommendation adopted*, 2023 WL 5216501 (N.D. Tex. Aug. 14, 2023). Where a *pro se* party's pleading "is tendered and signed by a nonlawyer on behalf of

Next, despite the magistrate judge's warning that any objections to the report and recommendation must be specific, Plaintiff's objections fail to identify the specific finding or recommendation to which objection is made and fail to clearly state the basis for the objection. *See generally* Docket No. 37. For example, with the exception of two conclusory sentences stating that Judge Laseter "conducted herself dishonorably and performed extra judicious duties outside of jurisdictional relevance" "to deny and supplant due process" (Docket No. 37 at 2), the objections do not substantively address the magistrate judge's finding (or reasoned analysis) that Judges Laseter and Johnson are entitled to judicial immunity for Plaintiff's claims for monetary damages against them in their individual capacities. Docket No. 35 at 13–16.

Because no specific objections have been filed with respect to the May 19, 2026 report and recommendation, Plaintiff is barred from *de novo* review of the magistrate judge's findings, conclusions, and recommendations, and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the report and recommendation of the magistrate judge. Upon such review, the Court has determined the report and recommendation of the magistrate judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)

---

another, then there comes into play the underlying principle [of Rule 11] itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citations omitted). As the magistrate judge explains in the report and recommendation, even a power of attorney relationship does not excuse Rule 11's personal signature requirement. Docket No. 35 at 5.

(where no objections to a magistrate judge's report and recommendation are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 35) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Judge Laseter's Motion to Dismiss (Docket No. 14) is **GRANTED**. Plaintiff's claims against Judge Laseter in her official capacity and for injunctive relief against Judge Laseter in her individual capacity are **DISMISSED WITHOUT PREJUDICE** and Plaintiff's claims for monetary damages against Judge Laseter in her individual capacity are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Defendants Jones and Reamy's Motion to Dismiss (Docket No. 26) is **GRANTED**, and that Plaintiff's claims against Jones and Reamy are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Defendant Judge Johnson's Motion to Dismiss (Docket No. 28) is **GRANTED**. Plaintiff's claims against Judge Johnson in his official capacity and for injunctive relief against Judge Johnson in his individual capacity are **DISMISSED WITHOUT PREJUDICE** and Plaintiff's claims for monetary damages against Judge Johnson in his individual capacity are **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 6th day of October, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE